### PEREZ & AL. vs. MIRANDA.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court.

The defendant, a merchant of Tampico, resists the claim of the plaintiffs, merchants of Gibraltar, for the proceeds of a quantity of brandy, and other goods, which he sold for them in May, 1827, on the ground that, in the following winter, all European Spaniards were ordered to leave the republic of Mexico, and were so much alarmed at the proceedings of government that most of them removed their property to Havana, and other places of safety: that he and the plaintiffs are European Spaniards, and he thought it best for the interest of the plaintiffs, and a measure which the disturbed state of the country rendered indispensable, to disregard the plaintiffs' order to transmit their funds to Vera Cruz, and sent them to Havana, to a commercial house, whom

A merchant who has funds of another in his hands, and is compelled by political events to send them away, must as much as possible retain a control over them, and as soon as the cause which induced him to part with them ceases, must dispose of them according to orders.

Eastern Dist he directed to hold them at the plaintiffs' dis-
Febr'y 1829.
posal.

PEREZ & AL.
*vs.*
MIRANDA.

The district court sustained the defence, and gave judgment for the defendant. The plaintiffs appealed.

There is not any dispute about the plaintiffs' claim to a balance in the defendant's hands, nor as to its amount. The only question is as to the validity of the matter set up in discharge of the defendant.

The brandy was sold in May, on a credit—the plaintiffs, on being informed of this, expressed no dissatisfaction at it, and their consent may perhaps be presumed. But it remains for the defendant to show that it was not owing to any cause of his that the funds were not received and sent to Vera Cruz, before the order which excited alarm among the European Spaniards. This might have been done by shewing the period of credit given. Are we to suppose then it was six months? Suppose it was three, there would have probably been sufficient time to collect and send the funds according to order.

We admit with his counsel, that if there was really a cause of alarm which induced the

sending the funds to Havana, instead of Vera Cruz; necessity justified the act it induced, and we are willing to consider that necessity as proved by witnesses to whom the inferior judge has given credit.

But nothing shews that the defendant could not, after the funds reached Havana, have preserved over those funds that control, which he was bound to resume as soon as the necessity which had compelled him to abandon it ceased. He was bound that they should be transmitted to the plaintiffs' correspondents as soon as possible, or kept at the latter's disposal. Nothing justified, because nothing compelled, the defendant to place the funds out of his reach or control. He ought to have kept such a command over them, as to have remained able to answer the plaintiffs' call at any time.

Neither is it very satisfactorily shewn that the plaintiffs' funds were sent to Havana. It is indeed in evidence that the defendant sent a larger sum than that he owed the plaintiffs, to Havana, and that he afterwards directed his correspondent there to keep the sum due the plaintiffs at their disposal. Their counsel has seen nothing in this but a voluntary appropri-

ation by the defendant of funds of his in **Ha-**
**vana,** to the discharge of what he owed to the
plaintiffs; an appropriation which, as it had no
other effect than to give them a new debtor,
without their approbation, instead of the one
in which they had placed their trust, could not
release the latter.

There is another circumstance which mili-
tates against the defendant—his order to his
Havana correspondent to hold the plaintiffs'
funds at their disposal was clogged with the
condition "that they should be reinstated in the
management of their affairs."

After the shipment of the brandy, the plain-
tiffs informed the defendant that they had been
compelled to stop payment, and desired him
to suspend the execution of their anterior or-
ders; that he should hold their funds at the
disposal of the syndics that were to be appoint-
ed. They afterwards informed him that ami-
cable arrangments being made with their cre-
ditors, they had resumed the management of
their affairs, and gave him new directions
about their funds. The defendant, in reply,
observed it would have been more according
to mercantile usage if the syndics had commu-

nicated the information, but denied any want of confidence in the assertion of the plaintiffs, and expressed no desire to receive any communication from the syndics. The fact is that no syndics were appointed, the arrangements taken having precluded the necessity of any.

Thus the defendant added to the delay, unnecessarily created by placing the funds in Havana, at the plaintiffs' disposal, instead of sending or keeping them at the disposal of their correspondent at Vera Cruz, a place nearer, and with which Havana has more frequent communication than Gibraltar, besides subjecting the plaintiffs to unnecessary delay and trouble, in establishing to the satisfaction of the defendant's correspondent the fact of their being legally reinstated in the management of their affairs.

We conclude then, admitting that the defendant was guilty of no laches in collecting and transmitting the plaintiffs' funds to Vera Cruz, and that necessity justified (as the district judge has concluded) the sending of the money to Vera Cruz; nothing authorises the defendant in leaving them there out of his control, so as to disable himself from effectually

VOL. VII. N. S.        63

*Eastern Dist.*
*Feb'y,* 1 829.

PEREZ & AL.
*vs.*
MIRANDA.

Eastern Dist.
Feb'y, 1829.

PEREZ & AL.
vs.
MIRANDA.

answering the plaintiffs' first call on him, or from sending them to Vera Cruz if an opportunity offered. As he parted illegally with the funds, his liability to produce them is not thereby affected.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, and proceeding to give such judgment as in our opinion the judge *a quo* ought to have given, it is ordered, adjudged and decreed, that the appellant recover from the appellee the sum of seven thousand three hundred and twenty-three dollars, thirty-seven and a half cents, with legal interest till paid, with costs in both courts.

*Duncan* for the plaintiffs—*Strawbridge* for the defendant.